IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MIRLANDE DINA MICHEL-WIGGINS, <br><br> *Plaintiff*, <br><br> v. <br><br> WILLIAM R. TRITT; TRITT CONSTRUCTION COMPANY; PRESTIGE REALTY; CITY OF WARNER ROBINS; and TERRY WOOD, *in his official capacity*, <br><br> *Defendants*. | CIVIL ACTION NO. <br> **5:19-cv-00300-TES** |

### ORDER OF DISMISSAL

On January 22, 2020, the Court held a Status Conference in the above-captioned case; however, despite the Court's notice to all parties, only counsel for Defendants William R. Tritt, Tritt Construction Company, Prestige Realty, the City of Warner Robins, and Terry Wood were present. [Doc. 37 at p. 1]. Plaintiff, Mirlande Dina Michel-Wiggins, was not present, and she made no attempt to contact opposing counsel, the Clerk of Court, or the Court itself in order to provide notice of or a reason for her absence or to ask that the Status Conference be rescheduled. [*Id.*].

In accordance with the Court's calendar, it called this case at 2:00 p.m. (as scheduled) and, with the assistance of Defendants' counsel, placed the procedural and substantive facts of this case (so far) on the record. [*Id.* at pp. 1–2]. After establishing the

facts, the Court first addressed the Motion to Dismiss [Doc. 22] filed by William R. Tritt,

Tritt Construction Company, and Prestige Realty, and, then, it addressed the Motion to

Dismiss [Doc. 24] filed by the City of Warner Robins and Terry Wood.

Defendants filed both Motions on December 6, 2019, making December 30, 2019,

Plaintiff's deadline to file her Response to each dismissal motion. [Doc. 22 at p. 4]; [Doc.

24 at p. 3]; LR 7.2, MDGa; Fed. R. Civ. P. 6(a)(1)(C). On January 3, 2020, Plaintiff moved

for an extension of time to file those Responses, but because she failed to "request a

specific amount of time for her requested extension," the Court denied her request.

[Doc. 31]; [Doc. 33]. However, considering Plaintiff's *pro se* status, the Court, "via

separate email" reminded Plaintiff that she may simply seek a 14-day extension under

Local Rule 6.2 from the Clerk of Court before filing any formal motion for the Court's

consideration. [Doc. 33]; LR 6.2, MDGa. Despite ample notice regarding the proper

avenues to seek time extensions, Plaintiff never sought an extension under Local Rule

6.2 or via a renewed motion to the Court that included a specific amount of time needed

to file her Responses. Consequently, Plaintiff failed to respond to Defendants' dismissal

motions.

Notwithstanding the meritorious arguments presented in Defendants' Motions,

the Court **DISMISSES** Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b)

in light of her failure to prosecute her case and her failure to obey court orders. Fed. R.

Civ. P. 41(b).

First, despite the Court's warning in its Rules 16 and 26 Order [Doc. 28] that

"[f]ailure" to "cooperate in preparing the Proposed [Scheduling and Discovery] Order

[would] result in sanctions[,]" Plaintiff failed to comply[1] with that Order. [Doc. 28 at p.

2]; *see also* [Doc. 36 at p. 1]. As early as the issuance of the Rules 16 and 26 Order on

December 11, 2019, the Court told the parties that "[f]ailure to comply with discovery or

with any order [from] the Court may result in dismissal of the case, default judgment,

or other sanctions." [Doc. 28 at p. 2].

Second, having been made aware of Plaintiff's conduct during the parties' brief

telephone conference that took place on January 10, 2020, the Court scheduled a Status

Conference. Two days later, the Court issued an Order to Show Cause [Doc. 36]

notifying Plaintiff that it expected her to attend the Status Conference on January 22,

2020, so that she could show cause why her case should not be dismissed for failure to

obey a court order. [Doc. 36 at pp. 3–4]. The Status Conference was, essentially, the

Court's attempt to provide Plaintiff with an opportunity to explain her actions, so that

the record could be more fully developed. *Graves v. Kaiser Aluminum & Chem. Co.*, 528

F.2d 1360, 1362 (5th Cir. 1976). On several prior occasions, Plaintiff has successfully

contacted the Court to provide various explanations with respect to her case. Therefore,

---

[1] On Monday, January 13, 2020, Defendants notified the Court that Plaintiff, after dialing into the parties' scheduled telephone conference 15 minutes late, sought to stream their Rule 26(f) conference via her Facebook account. According to Defendants' Proposed Scheduling and Discovery Order (which the Court adopted and made it the Order of the Court on Tuesday, January, 14, 2020) Defendants' counsel requested Plaintiff to terminate the live stream, but after Plaintiff's failure to comply with that request, Defendants' counsel terminated the conference call. [Doc. 35 at p. 1]; [Doc. 36 at p. 1].

based not only on her failure to contact any court personnel, but also on her absence (despite numerous warnings that her case could be dismissed if she continued to disregard court orders), the Court must conclude that Plaintiff's failure to obey not one, but two court orders exhibits willful contempt of the Court's authority. *Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); *see also* [Doc. 28 at p. 2]; [Doc. 36 at pp. 3–4].

Given that Plaintiff failed to comply with multiple court orders when she failed to participate in the development of a Proposed Scheduling and Discovery Order, failed to respond to the Court Order to Show Cause, and refused to attend the Status Conference—the Court, as it previously warned, now **DISMISSES** her case **with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order."). Accordingly, the Court **TERMINATES** Defendants William R. Tritt, Tritt Construction Company, and Prestige Realty's Motion to Dismiss [Doc. 22] and Defendants City of Warner Robins and Terry

Wood's Motion to Dismiss [Doc. 24] **as moot**, and **DIRECTS** the Clerk of Court to

**CLOSE** this case and enter Judgment.[2]

      **SO ORDERED**, this 22nd day of January, 2020.

                         S/ Tilman E. Self, III

                         **TILMAN E. SELF, III, JUDGE**
                         **UNITED STATES DISTRICT COURT**

---

[2] In light of the Court's ruling, it also **TERMINATES** the pending Motion to Stay Discovery [Doc. 34] **as moot**.